ception relied on is a denial of the motion to advise the jury to acquit. I think there was evidence that justified the submission of this case to the jury. The defendant, at his interview with the complainant, asked him if he had received his letters, in which $500 was demanded. The complainant had received two letters demanding $500, and no other letters of the kind were received by him. The letters being clearly within the statute, if the defendant sent them, "knowing the contents thereof, and with intent, by means thereof, to extort or gain any money or other property, or to do, abet, or procure any illegal or wrongful act, he is guilty of blackmail. The defendant's statement to Grasso admitted that he sent the letters received by the complainant and stated that they were his letters; and the jury was, therefore, justified in finding that he knew their contents, and that he either sent, delivered, or caused them to be forwarded or received by the complainant.

I think that the evidence justified the conviction, and that the judgment should be affirmed. All concur.

---

(117 App. Div. 248)

### FARLEY v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

PARTIES — BRINGING IN NEW PARTIES — SUPPLEMENTAL SUMMONS AND COMPLAINT.

    Under Code Civ. Proc. § 452, providing that, where complete determination of the controversy cannot be had without the presence of the other parties, the court must direct them to be brought in, and section 723, providing that the court may at any stage of an action, in furtherance of justice, amend any process or pleading by adding the name of a party, where plaintiff brought an action against the M. Company to enjoin its operating its elevated railroad in front of her property, and incidentally for damages, and after commencement of the action the I. Company leased the road, and has since been in possession of and operating it, the I. Company should be brought in as a defendant, and for that purpose plaintiff should be allowed to serve a supplemental summons and complaint, as injunctive relief should not be granted without the lessee being made a party, and, if plaintiff could not obtain injunctive relief, she might be relegated to an action at law for damages, an action for which, as well as a new action for the relief sought in the original, might be barred by limitations.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 82.]

Appeal from Special Term, New York County.

Action by Julia A. Farley against the Manhattan Railway Company. From an order denying plaintiff's motion for leave to serve a supplemental summons, adding the Interborough Rapid Transit Company as a party defendant, and to serve the supplemental complaint annexed to the moving papers, plaintiff appeals. Reversed, and motion granted.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

W. G. Peckham, for appellant.

Sherrill Babcock, for respondent.

LAUGHLIN, J. This action was brought on the 4th day of August, 1902, by the plaintiff as owner of the premises known as "No. 829 Third Avenue" to perpetually enjoin and restrain the Manhattan Rail-

way Company, which was then in possession of and operating the elevated railroad in Third avenue in front of said premises, from operating the railroad and to compel it to take down and remove the same, and as incidental relief to recover the damages caused thereby. Subsequent to the commencement of the action, and on or about the 1st day of April, 1903, the Interborough Rapid Transit Company leased the railroad from the Manhattan Company, and has ever since been in possession of and operating the same. The motion was resisted upon three grounds: First, laches; second, that another action, brought by the plaintiff against the Interborough Rapid Transit Company for the same relief, was pending; and, third, that the cause of action, if any, against the Interborough Company is separate and distinct from that against its lessor. According to the memorandum opinion of the learned justice who presided at Special Term, it appears that the order was denied upon the second and third grounds. Although the plaintiff was unable to show a stipulation establishing her right to have the lessee brought in as party defendant in this case, it appears that that course was adopted in many similar cases by stipulation, and that the plaintiff was justified in the belief that there would be no serious opposition thereto in this case, and very likely there would not have been but for the decision of the Court of Appeals in Hindley v. Manhattan R. Co., 185 N. Y. 335, 78 N. E. 276. The complaint in the other action by this plaintiff against the Interborough Company had not been served, and the inference from the affidavits is that that action was brought on account of a threatened construction of another track in front of plaintiff's premises. The motion, therefore, could not have been properly denied either upon the theory of laches or on account of the pendency of the other action.

Under the decision of the Court of Appeals in Hindley v. Manhattan Railway Company, supra, a new action for the relief embraced in the original complaint herein might now be barred by the statute of limitations. Of course, the lessee is not liable for the damages caused by its lessor unless it has assumed and agreed to pay them. The original action, however, involved the right of the lessor to maintain and operate the railroad and the structure in the avenue in front of the plaintiff's premises, and, in default of its paying the past and future damages of the plaintiff for the injury to her easements of light, air, and access, the plaintiff would be entitled to injunctive relief. It is evident that injunctive relief should not be granted after the defendant has parted with possession without bringing in the lessee as a party defendant, and, if the plaintiff could not obtain injunctive relief, she might under some of the decisions of the Court of Appeals be relegated to an action at law for her damages, and the statute of limitations may have run against such an action. It would seem, therefore, that both under the provisions of section 452 and section 723 of the Code of Civil Procedure the Interborough Company should be brought in as a party defendant. It is manifest that, if it be brought in as a party defendant, the proper procedure is to allow the plaintiff to serve a supplemental summons and complaint.

The order should therefore be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.